Hale, J.
These cases are proceedings in quo warranto commenced in this court, the object of the first action being to oust the members of the Sinking Fund Commissioners of this city from the offices which they are now filling; and in the second case, to oust from the office which they are now enjoying, the members of the Board of Bark Commissioners of this city.
*246 As the ground for the judgment asked in the first case, it is claimed that the act of the General Assembly of 1862, by which the office of Sinking Fund Commissioners was created and the incumbents appointed, is wholly unconstitutional and void, and therefore the different members of that commission hold their office without any warrant of law.
In the second case, the members of the Board o.f Park Commissioners, whom it is sought to oust from their office,were under a statute of the state appointed by the Sinking Fund Commissioners; and the claim is, that the latter, having no legal existence, had no power to act in the premises; and, therefore,the appointment of the members of that board is wholly illegal and void.
Answers have been interposed in each case, by each of the defendants, to which demurrers have been filed by the plaintiff; and the question submitted is, whether any of the defenses contained in these answers state facts sufficient to constitute a defense to the cause of action or information alleged in the petition to which answer is filed.
The second and third defenses in the several answers of the members of the Sinking Fund Commissioners, as appears in the answer of William Bingham to which we refer, interposes the limitations to the authority to bring the action in quo warranto contained in section 6789 of the Revised Statutes of Ohio. That section reads:
“Section 6789.- — Nothing in this chapter contained shall authorize an action against a corporation for forfeiture of charter, unless the same be commenced within five years after the act complained of was done and committed; nor shall an action be brought against a corporation for the exercise of a power or franchise under its charter, which it has used and exercised for a term of twenty years; nor shall an action be brought against an officer to oust him from his office, unless within three years after the cause of such ouster, or the right to hold the office, arose,”
*247 It is asserted by counsel for the plaintiff, that this statute has no application to the case at bar. It was claimed on the hearing, as we understood it, that there is no jurisdiction in quo warranto to proceed against a' municipal corporation exercising a franchise not conferred upon it by law. This jurisdiction, however, has been twice, at least, exercised by the supreme court of the state: The State on the relation of Attorney General v. The City of Cincinnati, 20 Ohio St., page 18; and 52 Ohio St., page 419. In the first case, the information was filed in the supreme court on the relation of the Attorney General, to test the right of the city of Cincinnati to use and enjoy certain privileges and franchises assumed to be conferred upon that city by an act passed April 16th, 1870, and entitled, “An act to prescribe the corporate limits of Cincinnati.” The court found the act to be unconstitutional, and entered a judgment of ouster.
The case in the 52nd Ohio State Reports referred to, was a proceeding to test the constitutionally of an act auihoming a city of the first grade, of th-e first class, to annex contiguous territory to the city, The court took jurisdiction of the case, sustained the law, dismissed the petition, and refused the judgment of ouster.
It would hardly do, then, for this court to adjudge that the supreme court in the cases acted without jurisdiction. Whatever may be the law elsewhere, certainly in this state,, jurisdiction in quo warranto does exist to oust a municipal corporation assuming to exercise a franchise not conferred on it by law.
It-is claimed, however, even if the action may be maintained against a municipal corporation for the purposes named, there is no limitation to such action when brought by the state.
That the statute above quoted does apply to actions *248 brought by the state against corporations other than municipal, has been adjudged by the supreme court, 49 Ohio St., page 158.
It is said, however, that in the case of Ohio v. Railroad Company, 53 Ohio St., 189, it has been determined otherwise, It is true that the court held that the statute, sec. 6789, did not apply to the facts in that case. The holding was, that the city of Cincinnati was occupying lands belonging to the state, without any color of right whatever; that the action was not to oust the city from the exercise of a power or franchise, but from the privilege to occupy land belonging to the state.
On page 241, in a discussion of the case by Judge Bradbury, he clearly states the distinction:
“In this connection, it may prove profitable to refer to the difference between the language this statute used to authorize a proceeding in quo warranto, and that employed to limit the time within which to bring the proceeding. The action may be brought whenever a corporation exercises a ‘franchise or privilege not conferred upon it by law.’ The limitation of time is made to apply to the exercise of a ‘power or franchise’ under its charter. The phrase ‘franchise or privilege not conferred * * * by law,’ is more comprehensive than the words ‘power or franchise * * * under its charter. ’ The former phrase, according to the sense it ordinarily bears, doubtless includes many things not embraced by the latter. This marked difference of phraseology should not, needlessly, be attributed to accident. If the General Assembly intended that where a corporation merely exercised a power or franchise under, that is, by virtue of its charter, this power or franchise should not be challenged by the state after twenty years’ user, and also intended that an action in quo warranto might be brought against a corporation, and that,too, without limitation of time, whenever it claimed, or exercised an unwarranted right or privilege respecting the property of the state, it chose, in the language just quoted, ‘an appropriate medium to express such intention. ’ ”
*249 We think this case clearly recognizes the fact that the statute of limitations does apply in an action brought by the state, where the purpose and object of the action is simply to oust a corporation from the exercise of a franchise or power; but where it is to oust a corporation from the privilege of occupying lands belonging to the state, the statute does not apply. There is no apparent reason why the statute should apply in the one case and not in the other. The reason for denying the application of the statute to a case in which the state is a party, does not rest on any peculiarity of the defendant, but on the supposed sovereignty of the state. If the right of the defendant is to be at all considered, the reasons will be quite as strong for applying the limitation of the statute to a case in which a municipal corporation is a party, as to a case in which the rights of a corporation other than municipal are challenged.
Article 13, sec. 1 of the constitution provides: “The General Assembly shall pass no special act conferring corporate power.” This applies to municipal as well as to all other corporations. It is so held in the case I have referred to in the 20th Ohio St., page 18.
The remedy by quo warranto should equally apply to both classes of corporations; and the limitations, in our judgment, should be equally available in actions brought against either corporation. The language of the statute authorizing proceedings in quo warranto, sec. 6761, reads: (4th clause.)
“When it has misused a franchise, privilege, or right conferred upon it by law, or when it claims or holds by contract, or otherwise, or has exercised a franchise, privilege or right in contravention of law.”
Clearly, the right to maintain the action is given by the last clause of this section to question the franchise of the municipal corporation equally with that of corporations other than municipal. The limitation provided by section *250 6789, therefore, in our judgment, should apply to the one as well as to the other.
The language of the second clause of that section is:
“Nor shall an action be brought against the corporation for the exercise of a power or franchise under its charter, which it has used and exercised for a term of twenty years.’’
By section 6761, the right to bring the action is given. Were it not for this limitation, it could be brought, perhaps, at any time; but this limitation was intended to-operate, in our judgment, upon the right to bring the action. Such action can be brought against the corporation within the time limited. After the time limited, it can not be brought. At the time when this action was instituted against the members of the Sinking Fund Commissioners, no action could have been maintained against the city to-oust it from the exercise of a franchise conferred upon, or attempted to be conferred upon it, by the act of 1862. It. is true the action is instituted not against the city, but against the officers holding under an act, the constitutionality of which cannot be questioned by the state in an action against the city. The only ground upon which it is. sought to oust the members if the Sinking Fund Commissioners is the alleged unconstitutionality of the act of 1862; and we hold that it is a good answer to such claim, that more' than twenty years has elapsed since the right of action has. accrued. If the city cannot now be ousted from the exercise of the franchise which it is exercising under this alleged unconstitutional act, neither can be officers appointed' or elected to perform the duties imposed by such act, be' ousted. It would certainly be a very extraordinary proposition to claim that the act can stand against a direct assault, and yet, officers elected, or appointed, under the act, ousted because of the invalidity of the act. The argument' seems to come to this: That the act must stand because no- *251 proceeding in quo warranto can be brought to test the right of the city to exercise and enjoy the franchise; but the officers necessary to this enjoyment and enforcement can be ousted as fast as elected or appointed; and in that way the enjoyment of the franchise prevented; doing indirectly what cannot be done directly. We therefore hold that the act creating the office of Sinking Fund Commissoners, was not, at the time this action was instituted, open to an attack on the ground of its unconstitutionality in proceedings in quo warranto, either against the city, or as a reason for ousting' the Commissioners exercising authority under the act.
The latter clause of section 6789 reads: “Nor shall an action be brought against an officer to oust him from his office, unless within ■ three years after the cause of such ouster, or the right to hold the office, arose.” My associates are of the opinion that the case might well be put upon that clause of the statute, and are of the opinion that the limitation provided in that clause of the statute is available in the action brought against the Commissioners. I should have no doubt upon that proposition if it was sought to oust the Commissioners upon any other ground than the unconstitutionality of the act creating the office, and under which the Commissioners were' appointed. As it is, I prefer to put the case 'upon the proposition that I have discussed.
The result of this reasoning and holding, without further discussion of the question, leads to the overruling of the demurrer as to the first, second and third defenses in the answer.
As to the fourth defense, we are inclined to sustain the demurrer, which sets up certain facts from which it is' claimed the act originally was a constitutional act.
As to the fifth defense, which relies upon the recognition of this act and certain changes that have been made' in it by the General Assembly from time to time, the acts re *252 lied upon are referred to simply by title; and we prefer, without committing us very strongly to any proposition contained in that defense, to overrule the demurrer and deal with the law applicable to the defense there attempted to be made. If this case shall be tried, the facts are fully before the court, and we will overrule the demurrer to that defense.
Now, as to the second defense, the conclusions in the case against the Sinking Fund Commissioners renders it unnecessary to consider many of the questions discussed in the case of the Board of Park Commissioners. If the Sinking Fund Commissioners hold their office by a title unassailable, then their official acts cannot be challenged in this proceeding. The appointment of the members of the Board of Park Commissioners by the Sinking Fund Commissioners, was an official act which the latter board was authorized to perform, and the appointment a valid one. But the official standing of the members of the Park Board is unassailable on other grounds. It is conceded that if the Sinking Fund Commissioners are officers de facto, the appointment of the members of the Park Board cannot be challenged in this proceeding. That proposition is conceded, and as has been determined by our supreme court, We are of the opinion that they are.officers de facto. It is said that there can be no officer de facto unless there is a de jure office to fill; that an unconstitutional act, being void, creates no office; and that one holding an office thus crated, cannot be a de facto officer. The weight of authority, possibly, is in support of this proposition. Certainly one holding an office, the existence of which is supported by no color or law, is not an officer de facto; but one holding an office created or attempted to be created by an act unconstitutional, may be an officer de facto, Such, we think, is the holding in Gardner v. The State, 54 Ohio St., page 24. *253 Judge Bradbury,.speaking for the court in the discussion of the case, says (page 31):
“If the official acts of officers-, acting in an office created by an unconstitutional statute, should be regarded as falling within the principle, that sustains the acts of de facto officers, until the statute has been held unconstitutional by competent judicial authority in a proceeding appropriate to that end, all difficulty vanishes.”
And then, as we understand his reasoning, he proceeds to vanish the difficulties by holding that to be the law.
Judge Spear, who also delivered the opinion in the case, (page 49) says:
“It is sought to dispose of this case by use of the phrase that there can be no officer de facto unless there is an office to fill. The proposition begs the question. The obvious answer is that there is an office to fill whenever our law-making power, exercising its authority to create a constitutional office, by a duly enacted and promulgated statute, ordains there shall be such office, and remains in office until the act is repealed, or held unconstitutional by a court of competent authority.”
Each of the judges delivering an opinion in the case, reviews extensively the authorities bearing upon this proposition; and, as we read these opinions, decline to follow cases cited in support of plaintiff’s contention. We think the court in that case intended to, and does hold, that the official acts of officers acting in an office created by an unconstitutioal act, are acts of de facto officers until the statute has been held unconstitutional by competent judicial authority. Certainly the discussion and reasoning of that court is such that we would not feel justified in holding otherwise. The authorities supporting the proposition are fully reviewed in that case, and we will not stop to cite them.
Again, we are of the opinion that the action to oust the members of the Park Board, because of the unconstitutionality of the statute creating the appointing board, is a col *254 lateral attack upon^the validity of that statute, that cannot ■be made in this proceeding.
We had intended to discuss somewhat further the last two propositions named; but as they are not essential to the ■conclusions reached, I will not spend any time in the case, The demurrers interposed in the second case against the Park Board, will be overruled as to all defenses.